IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW KEITH BARKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-737-TMH |
| | ) | [WO] |
| | ) | |
| CITY OF DOTHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Andrew Keith Barkley ["Barkley"], a city inmate,

challenges the conditions of confinement at the Dothan City Jail.  Upon review of the

complaint, the court concludes that dismissal of the plaintiff's claims against the Dothan

City Jail is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

A city jail is not a legal entity subject to suit or liability under section 1983.  *See*

*Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court

concludes that the plaintiff's claims against the Dothan City Jail are due to be  dismissed

as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *Id*.

---

[1] The court granted Barkley leave to proceed *in forma pauperis*. *Order of September 9, 2011 - Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who  is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Dothan City Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Dothan City Jail be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against the remaining defendants regarding the conditions at the Dothan City Jail, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before September 27, 2011 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

    Done this 13th day of September, 2011.


                /s/Charles S. Coody
              CHARLES S. COODY
              UNITED STATES MAGISTRATE JUDGE